UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JOHN A METOYER ET AL

VERSUS

WELLS FARGO AUTO ET AL

CIVIL ACTION NO. 26-cv-2578

JUDGE S. MAURICE HICKS, JR.

MAGISTRATE JUDGE HORNSBY

## MEMORANDUM ORDER

This civil action, which was filed in state court, was commenced by the filing of a petition that listed as plaintiffs John A. Metoyer and Makoto, LLC.  The LLC does not appear to be mentioned in the petition other than in the list of parties and in the signature line.  The substantive allegations in the petition refer to Mr. Metoyer as the plaintiff, without mention of the LLC.

The only signature on the petition is for Makoto, LLC by John A. Metoyer.  It does not appear that Mr. Metoyer is an attorney who is admitted to the bar of this court, so he cannot represent the LLC in federal court.  Courts have held that 28 U.S.C. § 1654 does not allow associations such as an LLC to appear in federal court other than through a licensed attorney.  Rowland v. California Men's Colony, 113 S.Ct. 716, 721 (1993).  A court may strike a pleading for this reason after warning and an opportunity to cure the error.  Memon v. Allied Domecq QSR, 385 F.3d 871, 874 (5th Cir. 2004).

**Makoto, LLC** is allowed until **August 10, 2026** to enroll counsel to represent it.  If it fails to enroll counsel by the deadline, all claims asserted by Makoto, LLC will be subject to dismissal without further notice.

**Mr. Metoyer** is also obligated to sign the petition in his individual capacity if he wishes to pursue the claims presented in the petition.  The pleading is currently signed by him but only in his capacity as an agent for Makoto, LLC.  If Mr. Metoyer wishes to pursue this civil action, he must file by **August 10, 2026** a document bearing the caption of this case, his signature in his individual capacity, and the statement, "I place my signature on this document pursuant to Federal Rule of Civil Procedure 11 and, by doing so, certify all matters required by that rule with respect to the petition I filed to commence this action.  I also agree to promptly notify the court in writing of any change in my address and recognize that my civil action may be subject to dismissal if court orders or other notices mailed to me are returned by the postal service due to an insufficient address."  If Mr. Metoyer does not comply with this requirement, the court will treat the petition as unsigned by him, which means the court must strike it pursuant to Rule 11(a).

THUS DONE AND SIGNED in Shreveport, Louisiana, this  27th day of July, 2026.

_____
Mark L. Hornsby
U.S. Magistrate Judge

Page **2** of **2**