**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| JOHN A. METOYER | CIVIL ACTION NO. 26-2578 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WELLS FARGO AUTO, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss filed on August 17, 2026, by Defendants Victory Automotive Group Inc. ("Victory Automotive") and Ocean Honda of North Hollywood ("Ocean Honda") (collectively "Moving Defendants"). See Record Document 10. On August 31, 2026, Plaintiff John Metoyer ("Metoyer") filed a memorandum in opposition to Moving Defendants' Motion to Dismiss. See Record Document 14. Moving Defendants filed a reply to Metoyer's opposing memorandum on September 3, 2026. See Record Document 15. The motion is now ripe for ruling.

Moving Defendants' motion asks the Court to dismiss this action under Rules 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure. See Record Document 10. Specifically, Moving Defendants argue that Metoyer has failed to state a claim for relief against Moving Defendants, that the Court lacks personal jurisdiction over Moving Defendants, and that even if this Court has personal jurisdiction over Moving Defendants, the doctrine of *forum non conveniens* favors the matter being litigated in California. See id. For the reasons stated below, Moving Defendants' Motion to Dismiss is hereby **GRANTED**.

## BACKGROUND

This litigation arises from Metoyer's purchase of a used 2011 Honda Ridgeline ("the vehicle"). See Record Document 1. The vehicle was purchased from Ocean Honda in September of 2019. See Record Document 1-1. Metoyer alleges that he specifically requested Wells Fargo not be the lienholder of the vehicle. See id. Nonetheless, and allegedly unbeknownst to Metoyer, Wells Fargo is the lienholder of the vehicle purchased in September of 2019. See id.

On June 9, 2026, Metoyer filed his complaint *pro se* in the First Judicial District Court of Louisiana, in Caddo Parish. See id. Metoyer named the following as defendants: Ocean Honda, Victory Automotive, Wells Fargo Auto, Wells Fargo Dealer Services, and Wells Fargo Dlr Services, Inc. See id. The complaint alleges that the "Retail Installment Sales Contract" had an "unaccepted interest rate of 7.59%" rather than the alleged agreed upon rate of 5.99%.[1] Record Document 1-1 at ¶ 11. Further, Metoyer alleges that the Retail Installment Sales Contract has been altered and contains a forged signature. See id. The complaint states various prayers for relief, including but not limited to compensatory and punitive damages, repair of any and all negative credit reporting history, and reimbursement of payments made by Metoyer.

A notice of removal was filed on July 16, 2026. See Record Document 1. On July 17, 2026, this Court issued a removal order. See Record Document 4. On August 17, 2026, Moving Defendants filed a Motion to Dismiss pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure. See Record Document 10.

[1] Based upon Metoyer's complaint and Moving Defendant's motion to dismiss, it appears the interest rate was fixed at 7.79% rather than the "7.59%" mentioned here. See Record Documents 1-1 & 10.

In response, Metoyer filed a memorandum in opposition. See Record Document 14. Notably, Metoyer's memorandum attempts to combat Moving Defendants' motion to dismiss under Rules 12(b)(1) and 12(b)(6), however, Metoyer makes no mention of Moving Defendants' arguments under Rule 12(b)(2) regarding lack of personal jurisdiction. See id. While Metoyer argues against dismissal under Rule 12(b)(1), Moving Defendants have never filed a motion to dismiss under Rule 12(b)(1). See Record Document 15.

## LAW AND ANALYSIS

A motion pursuant to Rule 12(b)(2) allows a party to move to dismiss for lack of personal jurisdiction. See Fed. R. Civ. P. 12(b)(2). "Where a defendant challenges personal jurisdiction, the party seeking to invoke the power of the court bears the burden of proving that jurisdiction exists." Luv N'Care, Ltd. v. Insta-Mix, Inc., 438 F.3d 465, 469 (5th Cir. 2006) (citing Wyatt v. Laplan, 686 F.2d 276, 280 (5th Cir. 1982)). When a court rules on a motion to dismiss for lack of personal jurisdiction without holding an evidentiary hearing, the plaintiff need only make a prima facie showing of personal jurisdiction. See Rd. Sprinkler Fitters Local Union No. 669, U.A., AFL-CIO v. CCR Fire Prot., LLC, Civil Action No. 16-448-JWD-EWD, 2018 WL 3076743, at *4 (M.D. La. June 21, 2018). "Moreover, on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a prima facie case for personal jurisdiction exists." Bullion v. Gillespie, 895 F.2d 213, 217 (5th Cir. 1990) (quoting D.J. Investments, Inc. v. Metzeler Motorcycle Tire Agent Gregg, Inc., 754 F.2d 542, 546 (5th Cir. 1985)).

Under Fifth Circuit precedent, personal jurisdiction exists if (1) the state's long-arm statute extends to the defendant, and (2) the exercise of such jurisdiction is consistent with due process. See Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008). The Louisiana long arm statute extends to the full extent allowed by due process. See Patin v. Thoroughbred Power Boats Inc., 294 F.3d 640 (5th Cir. 2002). The exercise of personal jurisdiction comports with due process when "(1) the defendant has purposefully availed himself of the benefits and protection of Louisiana by establishing 'minimum contacts' with Louisiana, and (2) the exercise of personal jurisdiction over the defendant does not offend traditional notions of fair play and substantial justice." Raphiel v. Haley Residential Inc., 2023 WL 1806828, at *2 (W.D. La., 2023) (citing Allred v. Moore & Peterson, 117 F.3d 278, 285 (5th Cir. 1997)).

When determining whether a defendant has the requisite minimum contacts with the forum, a defendant may be subjected to general or specific jurisdiction. See Ford v. Mentor Worldwide, LLC, 2 F. Supp. 3d 898, 903 (E.D. La. 2014). General jurisdiction applies when the defendant's contacts with the forum are "continuous and systematic," even when the cause of action has no relation to those contacts. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414–16 (1984). "The Fifth Circuit has characterized the 'continuous and systematic contacts' test as a 'difficult one to meet.' " Ford, 2 F. Supp. 3d at 903 (citing Johnston v. Multidata Sys. Int'l Corp., 523 F.3d 602, 609 (5th Cir. 2008)). "[E]ven repeated contacts with forum residents by a foreign defendant may not constitute the requisite substantial, continuous and systematic contacts required for a finding of general jurisdiction." Johnston, 523 F.3d at 609 (quoting Revell v. Lidov, 317 F.3d 467, 471 (5th Cir. 2002)). Typically, a corporation is subject to

general jurisdiction in the place of incorporation and the place it is headquartered. See Daimler A.G. v. Bauman, 571 U.S. 117, 137, 139 (2014).

Moving Defendants are not subject to general jurisdiction in Louisiana. Neither of the Moving Defendants are registered to do business in Louisiana, nor is there any indication in the record that they have ever conducted business here. In fact, Metoyer's complaint states that Ocean Honda is "a corporation licensed to do business in the State of California[,] [w]hose address of service is 5481 North Hollywood, CA 91601." Record Document 1-1. The complaint also states that Victory Automotive is "domiciled in Canton, Michigan" and is "a foreign corporation licensed to do business in the State of California[,] [w]hose service address is 46352 Michigan Ave, Canton, MI 48188." Id. Notably, Metoyer has not alleged a single contact between Moving Defendants and Louisiana. As a result, Metoyer has not shown that Moving Defendants have had continuous, systematic, and substantial contact with Louisiana sufficient to assert general personal jurisdiction. The inquiry now shifts to whether the Court can exercise specific personal jurisdiction over Moving Defendants.

Specific jurisdiction applies when a nonresident defendant "has 'purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.' " Panda Brandywine Corp. v. Potomac Elec. Power Co., 253 F.3d 865, 868 (5th Cir. 2001) (quoting Alpine View Co. v. Atlas Copco A.B., 205 F.3d 208, 215 (5th Cir. 2000)). "The non-resident's 'purposeful availment' must be such that the defendant 'should reasonably anticipate being haled into court' in the forum state." Ruston Gas Turbines Inc. v. Donaldson Co., 9 F.3d 415, 419 (5th Cir. 1993)

(quoting World–Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 580 (1980)). The Fifth Circuit's three-step analysis for specific jurisdiction is as follows:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

Seiferth v. Helicopteros Atuneros, Inc., 472 F.3d 266, 271 (5th Cir. 2006) (citations omitted).

Here, both Metoyer's complaint and his memorandum in opposition fail to set forth any activity conducted by Moving Defendants in Louisiana or activity directed at Louisiana. See Record Documents 1-1 & 14. Instead, the record indicates that the vehicle was purchased and contracted for in California. See Record Document 1-1. The alleged discrepancies in the contract were also discovered in California. See id. It has long been held that "entering into a contract with an out-of-state party, without more, is not sufficient to establish minimum contacts." Latshaw v. Johnston, 167 F.3d 208, 211 (5th Cir. 1999). Based upon the record before the Court, it is evident that any purported fraud or breach of contract occurred in California, not Louisiana. Thus, because the alleged facts giving rise to this litigation occurred outside of Louisiana, and because Metoyer has failed to set forth any facts or evidence implicating Louisiana, the Court finds that Moving Defendants have not engaged in any requisite activities or conduct in Louisiana. Likewise, the Court finds that Moving Defendants have not directed any activities towards Louisiana, much less activity that would be sufficient for this Court to exercise specific personal jurisdiction.

Lastly, the Court notes Metoyer's request that "if the Court determines that any portion of the [c]omplaint requires additional factual allegations, grant Plaintiff leave to

amend his [c]omplaint pursuant to Federal Rule of Civil Procedure 15(a)(2)." Record Document 14. "Although a *pro se* litigant should generally be afforded an opportunity to amend his complaint before it is dismissed, denial is nonetheless justified when the proposed amendment would be futile." Mason v. Fremont Inv. & Loan, 671 F. App'x 880, 883 (5th Cir. 2016). Here, the Court finds that there are no identifiable facts in the record to indicate that Metoyer could amend his complaint in good faith to cure the lack of personal jurisdiction over Moving Defendants. As a result, Metoyer's alternative request for leave to amend his complaint is **DENIED**.

**CONCLUSION**

For the above-mentioned reasons, the Court finds that Metoyer has failed to meet his burden of proving that jurisdiction exists. See Luv N'Care, Ltd., 438 F.3d at 469. As a result, Moving Defendants' Motion to Dismiss for Lack of Personal Jurisdiction (Record Document 10) is hereby **GRANTED** in accordance with Rule 12(b)(2) of the Federal Rules of Civil Procedure.

Any and all claims within the above-captioned matter against Victory Automotive and/or Ocean Honda are hereby **DISMISSED WITHOUT PREJUDICE**. Since this dismissal due to a lack of personal jurisdiction over the Moving Defendants, the Court declines to address any of Moving Defendants' additional arguments in favor of dismissal.

A separate order shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 21st day of October, 2026.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE