**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| JOHN A. METOYER | CIVIL ACTION NO. 26-2578 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| WELLS FARGO AUTO, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before the Court is a Motion to Dismiss filed on July 23, 2026, by Defendant identified in the initial complaint as Wells Fargo Auto, Wells Fargo Dealer Services, Wells Fargo Dlr Svcs Inc., and Wells Fargo Dlr Svc Inc., properly identified as Wells Fargo Auto, a division of Wells Fargo Bank, N.A. ("Wells Fargo"). See Record Document 5. On August 31, 2026, Plaintiff John A. Metoyer ("Metoyer") filed a memorandum in opposition to Moving Defendants' Motion to Dismiss. See Record Document 14. Wells Fargo filed a reply to Metoyer's opposing memorandum on September 8, 2026. See Record Document 16. The motion is now ripe for ruling.

Wells Fargo's motion asks the Court to dismiss this action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Record Document 5. Specifically, Wells Fargo asserts that Metoyer has failed to state any cognizable claims against Wells Fargo. See id. As a result, Wells Fargo argues that Metoyer's claims should be dismissed with prejudice. See id. For the reasons stated below, Wells Fargo's Motion to Dismiss (Record Document 5) is hereby **GRANTED**.

## BACKGROUND

This litigation arises from Metoyer's purchase of a used 2011 Honda Ridgeline ("vehicle"). See Record Document 1. The vehicle was purchased from Ocean Honda in

September of 2019. See Record Document 1-1. Metoyer alleges that he specifically requested Wells Fargo not be the lienholder of the vehicle. See id. Nonetheless, and allegedly unbeknownst to Metoyer, Wells Fargo is the lienholder of the vehicle purchased in September of 2019. See id. Despite his alleged discontent with Wells Fargo as the lienholder, Metoyer began making payments on the vehicle in October of 2019. See id.

On June 9, 2026, Metoyer filed his complaint *pro se* in the First Judicial District Court of Louisiana, in Caddo Parish, Louisiana. See id. Metoyer named the following as defendants: Ocean Honda of North Hollywood, Victory Automotive Group, Inc., Wells Fargo. See id. On October 21, 2026, the Court granted Ocean Honda of North Hollywood and Victory Automotive Group, Inc.'s motion to dismiss for lack of personal jurisdiction. See Record Documents 21 & 22. Wells Fargo is the only remaining defendant.

The complaint alleges that in January of 2022 Metoyer requested a copy of the vehicle's certificate of title from Wells Fargo so that he could transfer the vehicle registration to Louisiana, which Wells Fargo eventually sent, along with a copy of the Retail Installment Sales Contract ("RISC"). See Record Document 1-1. Metoyer asserts that the RISC has been altered and contains a forged signature. See id. Specifically, Metoyer claims the RISC he received was dated October 21, 2019 (not September 21, 2019), and that his signature on the RISC was forged, and that the agreement contained a 7.79% interest rate, rather than the alleged agreed upon rate of 5.99%. See id. As a result, Metoyer claims he notified Wells Fargo in June of 2023 that he believed the signature on the RISC was forged. See id. Wells Fargo later concluded that the October 2019 RISC was valid and did, in fact, contain Metoyer's signature. See id.

The complaint goes on to state that in September of 2023 the vehicle was repossessed—four years after it was purchased. See id. Metoyer claims that he was able to recover the vehicle through payment. See id. He then states the vehicle was nearly repossessed a second time in December of 2023. See id. It was not until January of 2024 that Metoyer sent a letter of rescission to Wells Fargo, seeking to terminate the October 2019 RISC. See id. Wells Fargo denied his request. See id. Metoyer alleges that the vehicle was repossessed again in December of 2025 and that his attempts to renegotiate or cancel the RISC with Wells Fargo all failed. See id.

Metoyer's claims are difficult to ascertain, but appear to include breach of contract, violations of the Fair Credit Reporting Act ("FRCA"), violations of the Fair Debt Collection Practices Act ("FDCPA"), violations of the Truth in Lending Act ("TILA"), fraud, and rescission under the TILA. See id. The complaint states various prayers for relief, including but not limited to compensatory and punitive damages, repair of any and all negative credit reporting history, reimbursement of payments made by Metoyer, and attorney and filing fees. See id.

A notice of removal was filed on July 16, 2026. See Record Document 1. On July 17, 2026, this Court issued a removal order. See Record Document 4. On August 17, 2026, Wells Fargo filed a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Record Document 5. Specifically, Wells Fargo argues that Metoyer has failed to state any cognizable claims for which relief may be granted. See id.

In response, Metoyer filed a memorandum in opposition. See Record Document 14. Notably, Metoyer's memorandum attempts to combat a motion to dismiss under Rules 12(b)(1) and 12(b)(6). See id. While Metoyer argues against dismissal under Rule

12(b)(1), no party in the instant matter has ever filed a motion to dismiss under Rule 12(b)(1). See Record Document 15.

**LAW AND ANALYSIS**

Rule 8(a)(2) of the Federal Rules of Civil Procedure governs the requirements for pleadings that state a claim for relief and requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To determine whether a complaint is adequate under Rule 8(a)(2), courts now apply the "plausibility" standard established in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and its progeny. Under this standard, "factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. at 555-56. If a pleading only contains "labels and conclusions" and "a formulaic recitation of the elements of a cause of action," the pleading does not meet the standards of Rule 8(a)(2). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

Federal Rule of Civil Procedure 12(b)(6) allows parties to seek dismissal of a party's pleading for failure to state a claim upon which relief may be granted. When ruling on a Rule 12(b)(6) motion, courts must accept all allegations in a complaint as true. See id. However, courts do not have to accept legal conclusions as fact. See id. Courts considering a motion to dismiss under Rule 12(b)(6) are only obligated to allow those complaints that are facially plausible under the Iqbal and Twombly standard to survive. See id. at 678-79. If the complaint does not meet this standard, it can be dismissed for failure to state a claim upon which relief can be granted. See id.

It is well-established that "pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers." Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." S. Christian Leadership Conference v. Supreme Court of State of La., 252 F.3d 781, 786 (5th Cir. 2001) (quoting Fernandez–Montes v. Allied Pilots Ass'n., 987 F.2d 278, 284 (5th Cir. 1993)). A *pro se* litigant should ordinarily be offered an opportunity to amend his complaint before it is dismissed, but leave to amend is not required if an amendment would be futile, or if, in other words, an amended complaint would still fail to survive a Rule 12(b)(6) motion to dismiss. See Mendoza-Tarango v. Flores, 982 F.3d 395, 402 (5th Cir. 2020); Marucci Sports, L.L.C. v. NCAA, 751 F.3d 368, 378 (5th Cir. 2014).

Wells Fargo argues that Metoyer's complaint fails to state a viable TILA claim because the TILA does not apply to the vehicle loan at issue, that any potential TILA claim is time-barred, and that Metoyer failed to plead facts sufficient to support claims for breach of contract, fraud, violations of the FRCA, or violations of the FDCPA. See Record Documents 5-1 & 16. Wells Fargo also alleges that Metoyer's complaint "contains all the hallmarks of an impermissible shotgun pleading." Record Document 5-1. More specifically, Wells Fargo argues that Metoyer's complaint " 'is full of conclusory, vague, and immaterial facts not obviously connected to any particular cause of action' and 'includes multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.' " Id. (quoting In re Ozcelebi, 635 B.R. 467, 471-72 (Bankr. S.D.

Tex. 2021)). In opposition, Metoyer argues that he "has identified the parties, described the underlying transaction or occurrence, identified the conduct that he contends was unlawful or wrongful, and alleged the resulting injury." See Record Document 14.

Even applying the less stringent standard for *pro se* litigants, the Court finds that Metoyer's complaint lacks sufficient facts to support any cognizable cause of action. As earlier stated, Metoyer's claims are difficult to ascertain, but appear to include breach of contract, violation of the FRCA, violation of the FDCPA, violations of the TILA, and fraud. See Record Document 1-1.

Notably, Metoyer fails to specify which causes of action, if any are asserted against which of the named defendants. Moreover, Metoyer has not specified which defendants are responsible for any of the allegations set forth in the complaint. It is for these reasons that Wells Fargo argues the complaint fails to give proper notice of the claims alleged against Wells Fargo. See Record Document 5-1.

Insofar as Metoyer appears to state a claim for breach of contract, the Court finds that Metoyer fails to set forth any facts indicating that Wells Fargo has breached the RISC. At most, Metoyer generally alleges that he did not sign the October 2019 RISC. See Record Document 1-1. Metoyer has not identified any section of any RISC agreement that he believes Wells Fargo has breached. Likewise, Metoyer fails to allege any action by Wells Fargo that would constitute breach of the agreement. Because Metoyer has not identified how any alleged actions of Wells Fargo amount to a breach of any contract, Metoyer's breach of contract claim fails under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Thus, any breach of contract claim(s) asserted against Wells Fargo is hereby **DISMISSED WITH PREJUDICE**.

Similar to his breach of contract claim, Metoyer fails to identify any action taken by Wells Fargo that has resulted in unfair and deceptive collection practices and credit reporting. Instead, Metoyer simply states that Wells Fargo continuously used "unfair and deceptive collection practices and credit reporting … to enforce a forged instrument." Record Document 1-1. It appears Metoyer is attempting to allege that some or all of the defendants violated the FRCA, 15 U.S.C. §§ 1681, *et seq*. As noted in Wells Fargo's motion to dismiss, Wells Fargo is not a consumer reporting agency under the FRCA. See Record Document 5-1. Wells Fargo is merely a furnisher of information to credit reporting agencies. See id. 15 U.S.C. § 1681s-2 sets forth the duties owed by furnishers of information. See 15 U.S.C. § 1681s-2. Importantly, courts in this Circuit have uniformly held that "there is no private right of action to enforce the duty of furnishers of information to provide accurate information under subsection (a) of section 1681s-2 of the federal act." McLean v. Big Dog Group, LLC, No. 15-40, 2016 WL 3211514, at * 11 (M.D. La. 2016). See also Desselle, III v. Ford Motor Credit Company, LLC, No. 14-1147, 2014 WL 4635545, at * 3 (E.D. La. 2014) (explaining that "[s]ections 1681 n & o outline civil liability for noncompliance of the FCRA, but section 1681s-2(c) specifies that those sections do not apply to 1681s–2(a)" and that "[o]ther courts also routinely recognize the plain language of the FCRA and aver that there is no private right of action under 15 U.S.C. § 1681s-2(a)."); Chen v. Shellpoint Mortgage Servicing, Inc., No. 18-4367, 2018 WL 3819870, at * 2 (E.D. La. 2018) ("Defendant correctly points out that 'there is no private right of action under Section 1681s-2(a)....' "). As a result, any claim(s) Metoyer seeks to assert under the FRCA against Wells Fargo fails as a matter of law and is **DISMISSED WITH PREJUDICE**.

Likewise, Metoyer fails to identify any unfair and deceptive collection practices attributable to Wells Fargo. It is unclear whether Metoyer alleges that Wells Fargo has violated the FDCPA. Regardless, the FDCPA applies only to debt collectors—not creditors. See Ellis v. Pinckley, No. 22-0345, 2022 WL 4491077 at *3 (W.D. La. 2022). Under the FDCPA, a debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). Plainly, the FDCPA does not apply to creditors collecting their own debts. See Ellis, 2022 WL 4491077 at *3. There are no facts or allegations in the record that indicate that Wells Fargo is a debt collector. Instead, Wells Fargo clearly appears to be a creditor, to which the FDCPA does not apply. Therefore, any claim(s) Metoyer asserts against Wells Fargo under the FDCPA fail as a matter of law and is hereby **DISMISSED WITH PREJUDICE**.

Metoyer also claims that all of the defendants acted "under multiple violations of TILA, codes and regulations covering secured transactions and consumer credit" by forging his "signature in order to facilitate material fraud to secure unauthorized financing in his name." Record Document 1-1. There are no specified facts to support this broad allegation. Further, there is no factual basis to indicate which defendant engaged in the act of forgery or how the alleged forged document came about. Likewise, Metoyer fails to state which of the defendants is responsible for the alleged forgery that resulted in the change of the interest rate. Because Metoyer does not identify any party who engaged

conduct that would result in a violation of law for which relief could be granted and provides no factual basis to support his allegations, his claims fail.

Further, and more specifically, any claim Metoyer alleges under the TILA is barred by the statute of limitations. Under the TILA, "a claim for damages must be brought within one year of the alleged violation, while a claim for recission is subject to a three-year statute of limitations." Jackson v. Standard Mortgage Corp., No. 18-0927, 2019 WL 6769361, at *7 (W.D. La. 2016); see also 15 U.S.C. §§ 1640(e), 1635(f). Here, Metoyer states that the RISCs were dated in 2019. See Record Document 1-1. However, it was not until June 9, 2026, that Metoyer filed suit. See id. Thus, any claim alleging that Wells Fargo violated some provision(s) of the TILA or that Metoyer may assert a right of recission under TILA, is barred by the statute of limitations, as nearly seven years passed between the issuance of the RISCs and the date Metoyer filed suit. As a result, any claim(s) seeking relief under the TILA are hereby **DISMISSED WITH PREJUDICE**.

In addition, the Court notes that any claim relating to the right of recission under 15 C.F.R. § 1026.23 fails because it only applies "in a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling." 15 C.F.R. § 1026.23(a). Here, the transaction only involves a vehicle, which is not alleged to be, nor could it be Metoyer's "principal dwelling", as required under 15 C.F.R. § 1026.23. Thus, Metoyer holds no right to rescind under 12 C.F.R. § 1026.23.

Regarding Metoyer's claims of fraud, the Court finds that Metoyer has failed to plead his claims with the requisite particularity. Federal Rule of Civil Procedure Rule 9(b) requires "a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why

the statements were fraudulent." Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 339 (5th Cir. 2008) (quoting Herrmann Holdings Ltd. v. Lucent Techs. Inc., 302 F.3d 552, 564-65 (5th Cir. 2002)). "Put simply, Rule 9(b) requires the complaint to set forth 'the who, what, when, where, and how' of the events at issue." Id. (quoting ABC Arbitrage Plaintiffs Group v. Tchuruk, 291 F.3d 336, 350 (5th Cir. 2002). Here, Metoyer has failed to identify which of the six named defendants made any alleged fraudulent statement, when the statement was made, to whom the statement was made, where the statement was made, or how the statement was fraudulent. Accordingly, Metoyer has failed to meet the pleading standard set forth in Rule 9(b) and any claims of fraud are hereby **DISMISSED WITH PREJUDICE**.

Finally, the Court finds that while a *pro se* litigant is ordinarily offered an opportunity to amend his complaint before it is dismissed, here an amended complaint would still fail to survive a Rule 12(b)(6) motion to dismiss. See Mendoza-Tarango, 982 F.3d at 402; Marucci Sports, L.L.C., 751 F.3d at 378. Notably, Metoyer's opposition to Wells Fargo's motion to dismiss merely realleged the allegations in his complaint and declined to correct or address any of the deficiencies identified by Wells Fargo. Further, in his opposition, Metoyer again declines to identify any specific causes of action or explain which defendant is responsible for which alleged conduct. Moreover, Metoyer has given no indication as to how he could amend his complaint to cure the above-mentioned defects. Because Metoyer's opposition failed to offer any explanation or clarification of his claims, the Court finds that affording him with another attempt would only be futile. As a result, Metoyer's alternative request for leave to amend his complaint is **DENIED**.

## CONCLUSION

For the above-mentioned reasons, the Court finds that Metoyer has failed to state a claim upon which relief can be granted. As a result, Wells Fargo's Motion to Dismiss (Record Document 5) is hereby **GRANTED** in accordance with Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Any and all claims within the above-captioned matter against Wells Fargo are hereby **DISMISSED WITH PREJUDICE**.

A separate Judgment shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 2nd day of November, 2026.

S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE